IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| KEITH DANIEL WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO.: 5:22-cv-70 |

**O R D E R**

Plaintiff contests the decision of Administrative Law Judge Constance D. Carter ("the ALJ" or "ALJ Carter") denying his claim for Period of Disability and Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision. Doc. 10 at 5. Defendant asserts the decision should be affirmed. Doc. 11 at 16. The Court **AFFIRMS** the ALJ's decision. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

BACKGROUND

The Social Security Agency found Plaintiff had been under a disability since July 9, 2009. R. 18.[1] On May 13, 2015, in a continuing disability review, the Agency determined Plaintiff was no longer disabled or entitled to Disability Insurance Benefits. R. 20–21. On April 24, 2018, an ALJ found Plaintiff's disability ended on May 13, 2015. R. 125–132. The Appeals Council remanded Plaintiff's case for a new hearing. R. 140. On October 9, 2019, ALJ Carter

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Number 8. The transcript includes paginated Record cites. Docs. 8-1 to 8-11. The undersigned refers to the transcript using these same Record cites.

held a hearing, at which Plaintiff, who was represented by a non-attorney representative, appeared and testified via video. R. 18. Renee Giedl, a vocational expert, also appeared at the hearing. R. 78. ALJ Carter denied Plaintiff's claims after the hearing in a decision issued on November 4, 2019. R. 18–27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 4.

Plaintiff, born on October 3, 1966, was 48 on May 13, 2015, the date of Plaintiff's continuing disability review. R. 25. He has a high school education and can communicate in English. R. 26. Plaintiff received an initial determination of medical disability in October 2009. R. 20.

## DISCUSSION

### I.     The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner must periodically review a disability benefit recipient's continued entitlement to benefits. 42 U.S.C. § 423(f). To determine whether a claimant is still disabled an ALJ follows an eight-step sequential evaluation process.

2

20 C.F.R. § 404.1594(f)(1)–(8); Klaes v. Comm'r of Soc. Sec., 719 F. App'x 893, 895 (11th Cir. 2017).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has an impairment or combination of impairments that meets or equals a listed condition. Id. If the impairment meets a listed condition, the claimant's disability continues. Id. If the impairments do not meet a listing, the next inquiry is whether there has been medical improvement. Id. If there has been medical improvement, the next step requires a determination of whether the improvement is related to the claimant's ability to do work. Id. If there is improvement not related to the claimant's ability to do work, it must be determined whether an exception to medical improvement applies. Id. If medical improvement is related to the claimant's ability to do work or if an exception applies, the next determination is whether the complainant has a "severe impairment." Id. If all current impairments do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled.

If the claimant has a severe impairment, the sequential evaluation proceeds to the seventh step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work. Id. A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite his impairments." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he can adjust to other work in the national economy. Klaes, 719 F. App'x at 895. If the claimant cannot perform other work, his disability continues.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since his comparison point decision ("CPD"). R. 20. The ALJ found Plaintiff had the following medically determinable impairments since May 13, 2015: lumbar degenerative disc disease; skin cancer, in remission; status post kidney transplant; obesity; and a non-severe impairment meniscal tear. Id. The ALJ determined Plaintiff had not had an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Id. Next, the ALJ determined the medical improvement is related to the ability to work because by May 13, 2015, the CPD impairments no longer met or medically equaled the same listings that were met at the time of the CPD. R. 21. At step six, ALJ Carter found Plaintiff has continued to have a severe impairment or combination of impairments since May 13, 2015. Id. ALJ Carter found Plaintiff has had the residual functional capacity ("RFC") to perform light work, with the following exceptions: he should be allowed to alternate sitting/standing at one hour intervals throughout the workday; he can occasionally climb stairs, balance, kneel, crouch, stoop but never climb ladders or crawl; he should avoid concentrated exposure to extreme heat, as well as unprotected heights and hazardous machinery; and there should be no exposure to direct sunlight. R. 22. At the next step, the ALJ determined Plaintiff had been unable to perform past relevant work since May 13, 2015. R. 25. The ALJ found at the eighth and final step Plaintiff could perform jobs, such as mail clerk, marker, and sorter, all of which exist in significant numbers in the national economy. R. 26–27. The ALJ concluded Plaintiff's disability ended on May 13, 2015, and Plaintiff has not become disabled again since that date. R. 27.

## II.     Issues Presented

Plaintiff asserts the ALJ's conclusion terminating his disability benefits is not supported by substantial evidence.

## III.    Standard of Review

It is well established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not

subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), overruling by statute on other grounds recognized by Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV. The ALJ's Decision Is Supported by Substantial Evidence

Plaintiff argues ALJ Carter's decision is not supported by substantial evidence because the ALJ did not properly weigh medical opinions from Plaintiff's Veterans Affairs ("VA") file and misrepresented Plaintiff's personal testimony regarding his physical activity. Doc. 10 at 3–4. Plaintiff also argues the ALJ erred because she did not properly include testimony from the vocational expert. Id. at 2–3. Lastly, Plaintiff argues the ALJ did not properly consider all of Plaintiff's medical records.

### A. The ALJ Did Not Err by Failing to Consider Plaintiff's VA Disability Rating

Plaintiff argues the ALJ failed to consider the VA's service-connected disability rating and the opinions of Plaintiff's VA medical providers. Id. at 4. The Commissioner argues the ALJ is no longer required to refer to the disability rating, as it serves a different purpose than Social Security ratings and provides little substantive information to consider. Doc. 11 at 12.

Plaintiff received a disability rating from the Department of Veterans Affairs on June 7, 2018. R. 387–92. Based on Plaintiff's medical treatment records following his kidney transplant, the VA determined Plaintiff continued to experience the same symptoms due to post-transplant medication side effects that led to his initial disability rating. Id. The VA determined Plaintiff was entitled to a total disability rating based on individual unemployability.

In the ALJ's decision, the ALJ reviewed the same medical records that formed the basis of the VA's disability rating. Plaintiff cites to medical records from Dr. Grooms and Dr. Hale. Doc. 12 at 1. The VA disability decision cited to medical records from Dr. Carey and the file included records from Dr. Langone. R. 391, 1213. The ALJ decision includes a review of medical records from Dr. Hale, Dr. Langone, Dr. Grooms, and Dr. Carey. R. 24–25. The ALJ considered all the medical records provided by Plaintiff and the VA, however, the ALJ did not consider conclusory opinions from the providers and the overall disability rating.

The Regulations clearly state the ALJ is not required to consider disability ratings from other agencies: "The ALJ is under no obligation under the Commissioner's revised regulations to address another agency's rating." D.B. v. Comm'r of Soc. Sec., Case No: 4:20-cv-254, 2022 WL 613769, at *3 (M.D. Ga. Mar. 2, 2022) (citing 20 C.F.R. §§ 404.1504, 404.1520b(c)(1)). The ALJ need only consider "all the supporting evidence underlying the other governmental agency or nongovernmental entity's decision" that is received as evidence in the claim. 20 C.F.R. § 404.1504. The Regulations note "a decision by any other governmental agency . . . about whether you are disabled . . . is based on [that agency's] rules" and is not binding on the SSA. 20 C.F.R. § 404.1504.

Plaintiff asserts the ALJ's decision to not assign any weight or value to the VA's disability rating and medical records was improper. Doc. 10 at 4. Contrary to Plaintiff's assertion, the ALJ is not required to obtain and consider the VA's disability rating. Doc. 11 at 12. The ALJ is required to consider all the supporting evidence underlying the VA's decision, and she did so. ALJ Carter cited VA records throughout her opinion, using those records to support her description of Plaintiff's medical history and progress. See, e.g., R. 23–25 (citing reports regarding Plaintiff's status post renal transplant, musculoskeletal problems, and skin

7

biopsy results). Plaintiff argues the VA rating decision should have been considered because it includes extensive information regarding his disability and limitations, but the medical information underlying the VA decision was included in the ALJ's review. The ALJ did not err in her treatment of the VA disability rating.

Additionally, ALJ Carter considered each VA doctor's medical opinion and identified why she found each one to be persuasive or unpersuasive. R. 24–25. The ALJ must "provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." Works v. Saul, No. 4:19-CV-1515, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)); see Jackson v. Soc. Sec. Admin., Comm'r, 779 F. App'x 681, 684 (11th Cir. 2019). Plaintiff has not shown any error in how the ALJ considered the VA doctors' medical opinions.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Personal Testimony

Plaintiff argues ALJ Carter's decision does not accurately reflect his testimony about his daily physical activity. Doc. 10 at 3. Plaintiff contends the ALJ overstated his daily activities, and his daily activity level is more limited. Id.

The Commissioner argues Plaintiff does not show the ALJ erroneously relied on evidence to conclude his daily activities were not consistent with the allegations of disability. Doc. 11 at 9. The Commissioner argues this finding is supported by substantial evidence and should not be disturbed.

When determining whether a claimant is disabled, the ALJ considers all the claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). Plaintiff's daily

activities are one of the factors the ALJ may consider when evaluating the intensity and persistence of symptoms. 20 C.F.R. § 404.1529(c)(3)(i). When making the RFC determination, the ALJ considers all relevant medical and other evidence in the record, including daily activities. See Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987). An ALJ may consider daily activities when making the RFC determination. Therefore, an ALJ appropriately considers a claimant's daily activities as long as the ALJ's findings are supported by substantial evidence.

      ALJ Carter clearly articulated her findings about Plaintiff's subjective complaints and that finding was supported by substantial evidence. The ALJ's findings were specific and detailed. The ALJ stated: "There are some notable inconsistencies in the claimant's file. Although he is alleging an inability to perform work related activities, he is nonetheless able to perform activities of personal care, prepare meals, drive a car, and shop in stores." R. 22. ALJ Carter described Plaintiff's participation in church activities and assisting with a youth group. Id. As to Plaintiff's back problems, the ALJ noted Plaintiff's treatment had been rather conservative. Id. The ALJ pointed out inconsistencies in Plaintiff's claims of experiencing fatigue, given that Plaintiff does yardwork and household chores and admitted to heavier exertional activities. R. 22–23. All mentions of Plaintiff's activities include citations to exhibits in the record and previous hearings. ALJ Carter found these activities inconsistent with Plaintiff's allegations and concluded: "[T]he claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence." R. 23. The ALJ properly considered Plaintiff's testimony and the relevant evidence to arrive at her determination. The ALJ's conclusions about Plaintiff's daily activities and Plaintiff's RFC are supported by substantial evidence.

**C.     The ALJ Properly Considered Testimony From the Vocational Expert**

Plaintiff argues the ALJ failed to properly consider the vocational expert's testimony. Doc. 10 at 2–3; Doc. 12 at 2–3.[2] Plaintiff contends the vocational expert's testimony was not included in its entirety, leaving out the most important part of the testimony. Doc. 12 at 3. The Commissioner argues substantial evidence supports the ALJ's RFC assessment and the ALJ's hypothetical question to the vocational expert included all the limitations from the RFC. Doc. 11 at 13.

The ALJ considers the vocational expert testimony at the last step of the evaluation. At the last step of the sequential evaluation, and after assessing the claimant's RFC, the ALJ must determine whether a significant number of jobs exist in the national economy that the claimant can perform. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). An ALJ may make this determination by applying the Medical Vocational Guidelines or by utilizing the testimony of a vocational expert. Id. When relying upon the testimony of a vocational expert, the ALJ must pose hypothetical questions to the vocational expert that encompass all of the claimant's limitations. Id. The underlying assumptions of the hypothetical questions posed to the vocational expert must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619–20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562–63 (11th Cir. 1985). However, a hypothetical question need not incorporate alleged limitations that the ALJ found "were either not supported by [the] medical records or were

---

[2]     Plaintiff argues ALJ Fishman failed to consider the vocational expert's testimony from the October 26, 2017 administrative hearing. Doc. 10 at 1–2. ALJ Fishman's 2017 decision was vacated by the Appeals Council and the case was remanded for further consideration. R. 140–141. The 2017 decision by ALJ Fishman is not before this Court and I do not address any arguments related to that decision. I only address arguments about the vocational expert testimony from October 9, 2019, relied on by ALJ Carter for the decision issued on November 4, 2019.

alleviated by medication." Ingram, 496 F.3d at 1270.  Instead, the hypothetical simply needs to "provide the [vocational expert] with a complete picture of the claimant's RFC."  Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1047 (11th Cir. 2020).

Plaintiff's argument hinges on the last two questions the ALJ asked the vocational expert at the hearing.  R. 95.  Plaintiff says the ALJ asked about missing work two days a month, and the vocational expert said that would eliminate all jobs for that worker.  But the ALJ did not determine Plaintiff would need to miss two days a month as part of Plaintiff's RFC, so the hypothetical about that limitation is irrelevant to the disability determination.  Plaintiff also says the ALJ asked about being off task 20% of the day for unscheduled breaks, and the vocational expert said that would also eliminate all jobs for that worker.  Again, the ALJ did not conclude Plaintiff would need to be off task 20% of the day for unscheduled breaks as part of Plaintiff's RFC, so the hypothetical is irrelevant to the disability determination.

The ALJ determined Plaintiff had the RFC to perform light work with certain exceptions, including the ability to alternate between sitting and standing at one-hour intervals.  R. 22.  The limitations the ALJ found and her RFC determination are supported by substantial evidence.  Plaintiff does not challenge the RFC determination and has not shown additional limitations should have been included in the RFC.  Since the ALJ did not err in her findings, her hypothetical, which included all of Plaintiff's limitations, and the use of the vocational expert's testimony were also proper.

Plaintiff also questions the validity of the ALJ's decision because the ALJ misidentified the vocational expert in the written decision.  Doc. 12 at 2.  In the ALJ's decision, the ALJ stated Michael Dorsey was the vocational expert present at the hearing.  R. 24.  In fact, the vocational expert was Renee Giedl.  R. 78.  Plaintiff alleges the wrong vocational expert's opinion may

have been used in deciding his case. There is nothing to support this allegation. In the hearing transcript, the vocational expert identified the following jobs for Plaintiff: mail clerk, marker, and garment sorter. R. 95. The exact same jobs with the appropriate corresponding <u>Dictionary of Occupational Titles</u> numbers are included in ALJ Carter's decision. R. 26. The ALJ made a simple typographical error. The error does not undermine the validity of the ALJ's decision. Plaintiff has failed to demonstrate any error on this point that would require remand.

### D. The ALJ Properly Considered All of Plaintiff's Medical Record Evidence

Plaintiff makes three challenges concerning the ALJ's review of his medical record evidence. First, Plaintiff states medical records from other individuals were included in his transcript and this raises questions about the validity of the ALJ's decision. Second, Plaintiff alleges generally that it is possible that some of his medical records were not reviewed by the ALJ. Third, Plaintiff states he submitted specific, additional medical records that were not included in the ALJ's decision. I address each challenge.

Plaintiff alleges records related to other individuals were included in his transcript. Plaintiff attached the documents to his response. Doc. 12-1 at 11–15. Plaintiff believes the inclusion of the additional medical records undermines the validity of the ALJ's decision. Doc. 10 at 1; Doc. 12 at 2. The Commissioner filed a surreply, stating that it is unclear where these documents came from, but the documents were not included in Plaintiff's transcript. Doc. 14. The Court finds the Commissioner's position convincing. The official transcript provided to the Court does not include the records Plaintiff provided with his response. The documents Plaintiff provided do not bear Bates labels or other indicia suggesting they were included in Plaintiff's transcript. Most important, there is nothing in the ALJ's decision that suggests the ALJ considered or relied on documents related to other individuals. Regardless of where the

documents came from, Plaintiff has failed to show any documents related to any other individuals impacted the ALJ's decision in any way.

Building on his first argument, Plaintiff argues that because some documents related to other individuals were included in his transcript, it is possible some of his own medical records were left out and not considered by the ALJ. Doc. 12 at 2. Plaintiff does not point to any specific document, or even a category of documents, he believes the ALJ should have considered but did not. To the contrary, the ALJ conducted an extensive review of Plaintiff's medical records and discussed them in detail. R. 23–25. Plaintiff's argument lacks merit.

Finally, Plaintiff argues he submitted certain documents on March 11, 2021, but those documents were not considered by the Commissioner. Doc. 10 at 5. The documents consist of a list of Plaintiff's medical issues and medications, Plaintiff's "Patient Ledger" for treatment appointments in 2020, letters drafted by Plaintiff and his wife in 2021, and letters from Plaintiff's VA doctors. Doc. 10-4 at 3–20. The ALJ issued his decision in 2019. All of these documents Plaintiff points to were submitted well after the ALJ issued her decision. Plaintiff has not demonstrated how the documents relate back to the time under consideration by the ALJ.

Under the regulations, the ALJ will accept additional evidence if he or she has not yet issued a decision and the claimant did not inform the ALJ about the evidence before the deadline because of one of the enumerated reasons in the regulations. 20 C.F.R. § 404.935(b). Plaintiff submitted this evidence long after the ALJ issued her decision. Plaintiff did not inform ALJ Carter about the evidence before the hearing deadline and he does not satisfy any of the § 404.935(b) enumerated reasons. Thus, the ALJ was not required to accept or consider this evidence. Because the ALJ was not required to consider these documents, the Court will not address Plaintiff's remaining arguments regarding these documents.

**CONCLUSION**

Thus, Plaintiff's argument the ALJ's decision is not supported by substantial evidence is unpersuasive. Accordingly, the Court **AFFIRMS** the ALJ's decision. Further, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 27th day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA